Michael Faillace [MF-8436]
Michael Faillace Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
FERNANDO VASQUEZ MARTINEZ, *individually*
*and on behalf of others similarly situated,*

                          *Plaintiff,*

                -against-

RAMALES GRILL DELI CORP.(d/b/a RAMALES
GRILL DELI), JOSE RAMALES, ISAAC RAMALES
, AND DAVID RAMALES,

                    *Defendants.*
------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Fernando Vasquez Martinez, individually and on behalf of others similarly situated ("Plaintiff Vasquez" or "Mr. Vasquez"), by and through his attorneys, Michael Faillace Esq., alleges upon information and belief, and as against each of Defendants Ramales Grill Deli Corp.(d/b/a Ramales Grill Deli) ("Defendant Corporation"), Jose Ramales,  Isaac Ramales , and David Ramales  (collectively, "Defendants"), as follows:

<u>**NATURE OF ACTION**</u>

    1.      Plaintiff Vasquez is a former employee of Defendants Ramales Grill Deli Corp.(d/b/a Ramales Grill Deli) Jose Ramales, Isaac Ramales , and David Ramales.

    2.      Ramales Grill Deli is a deli located at 936 Morris Avenue, Bronx, NY 10456.

3.      Upon information and belief, Defendants Jose Ramales, Isaac Ramales  and David Ramales serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the deli.

4.      Plaintiff Vasquez is a former employee of Defendants.

5.      Plaintiff Vasquez worked as a general helper, delivery worker, food preparer and porter at Defendants' deli located at 936 Morris Avenue, Bronx, N.Y. 10456.

6.      Plaintiff Vasquez regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain  accurate recordkeeping of his hours worked, and failed to pay Plaintiff Vasquez appropriately for any hours he worked.

8.      Further, Defendants failed to pay Plaintiff Vasquez the required "spread of hours" pay for any day in which he worked over 10 hours.

9.      Defendants' conduct extended beyond Plaintiff Vasquez to all other similarly situated employees.

10.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vasquez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

11.      Plaintiff Vasquez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL")

2

§§190 and 650 *et seq*., and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-2.2, 2.4 (2006), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Vasquez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Vasquez's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Vasquez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Fernando Vasquez Martinez ("Plaintiff Vasquez" or "Mr. Vasquez") is an adult individual residing in Bronx County, New York. Plaintiff Vasquez was employed by Defendants from approximately February 5, 2022 until on or about December 2, 2024.

16.     Plaintiff Vasquez consents to being a party plaintiff pursuant to 29 U.S.C. §
216(b), and brings these claims based upon the allegations herein as a representative party of a
prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     Defendants own, operate, and/or control a deli located at 936 Morris Avenue,
Bronx, New York 10456 under the name "Ramales Grill Deli" at all times relevant to this
complaint.

18.     Upon information and belief, Ramales Grill Deli Corp.is a corporation organized
and existing under the laws of the State of New York. Upon information and belief, it maintains
its principal place of business at 936 Morris Avenue New York, N.Y. 10456.

19.     Defendant Jose Ramales is an individual engaging in business within this judicial
district during the relevant time period.  Defendant Jose Ramales is sued individually in his
capacity as owner, officer and/or agent of Defendant Corporation.

20.     Defendant Jose Ramales possesses operational control over Defendant
Corporation, an ownership interest in Defendant Corporation, or controls significant functions of
Defendant Corporation.

21.     Defendant Jose Ramales determines the wages and compensation of the
employees of Defendants, including Plaintiff Vasquez, establishes the schedules of the
employees, maintains  employee records, and have the authority to hire and fire employees.

22.     Defendant Isaac Ramales is an individual engaging in business within this judicial
district during the relevant time period.  Defendant Isaac Ramales is sued individually in his

capacity as owner, officer and/or agent of Defendant Corporation.  Defendant Isaac Ramales

possesses operational control over Defendant Corporation, an ownership interest in Defendant

Corporation, or controls significant functions of Defendant Corporation.

23.    Defendant Isaac Ramales determines the wages and compensation of the

employees of Defendants, including Plaintiff Vasquez, establishes the schedules of the

employees, maintains  employee records, and have the authority to hire and fire employees.

24.    Defendant David Ramales is an individual engaging in business within this

judicial district during the relevant time period.  Defendant David Ramales is sued individually

in his capacity as owner, officer and/or agent of Defendant Corporation.  Defendant David

Ramales possesses operational control over Defendant Corporation, an ownership interest in

Defendant Corporation, or controls significant functions of Defendant Corporation.  Defendant

David Ramales determines the wages and compensation of the employees of Defendants,

including Plaintiff Vasquez, establishes the schedules of the employees, maintains  employee

records, and have the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants operate a deli located in the Morrisania section of the Bronx in New

York City.

26.     Individual defendants Jose Ramales, Isaac Ramales , and David Ramales possess

operational control over Defendant Corporation, possess an ownership interest in Defendant

Corporation, and control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

28.     Each defendant possessed substantial control over Plaintiff Vasquez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Vasquez, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Vasquez, and all similarly situated individuals, and are Plaintiff Vasquez's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Vasquez and/or similarly situated individuals.

31.     Upon information and belief, individual defendants Jose Ramales,  Isaac Ramales , and David Ramales  operate the Defendant Corporation as either an alter ego of themselves, and/or fail to operate the Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;
>
> (b)     defectively forming or maintaining the Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)     transferring assets and debts freely as between all Defendants;

(d)     operating the Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating the Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with the Defendant Corporation;

(g)     diminishing and/or transferring assets of the Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Vasquez's employers within the meaning of the FLSA and NYLL.

33.     Defendants had the power to hire and fire Plaintiff Vasquez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Vasquez's services.

34.     In each year from 2022 to 2024, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce.  For example, numerous items that were used in the preparation of sandwiches  on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

7

36.     Plaintiff Vasquez is a former employee of Defendants who was employed as a general helper, delivery worker, food preparer and porter.

37.     Plaintiff Vasquez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Fernando Vasquez Martinez*

35.     Plaintiff Vasquez was employed by Defendants from approximately February 5, 2022 until on or about December 2, 2024.

36.     At all relevant times, Plaintiff Vasquez was employed by Defendants as a general helper, delivery worker, food preparer and porter.

37.     Plaintiff Vasquez regularly handled goods in interstate commerce such as condiments, sauces, and cleaning supplies.

38.     Plaintiff Vasquez's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Vasquez regularly worked in excess of 40 hours per week.

40.     From approximately February 2022 until on or about December 2, 2024, Plaintiff Vasquez worked from approximately 10:00 a.m. until on or about 8:30 p.m. Mondays and Fridays, from approximately 2:00 p.m. until on or about 8:30 p.m. Tuesdays and Wednesdays, from approximately 7:00 a.m. until on or about 2:00 p.m. on Thursdays and from approximately 9:00 a.m. until on or about 8:30 p.m. on Sundays (typically 52.5 hours per week).

41.     Throughout his employment with defendants, Plaintiff Vasquez was paid his wages in cash.

8

42.    From approximately February 2022 until on or about July 2024, defendants paid Plaintiff Vasquez $15.00 per hour.

43.    From approximately August 2024 until on or about December 2, 2024, defendants paid Plaintiff Vasquez $16.00 per hour.

44.    Plaintiff Vasquez's wages did not vary regardless of how many additional hours he worked in a week.

45.    In fact, defendants frequently required Mr. Vasquez to start work 5 minutes before his scheduled start time and continue working  10 to 15 minutes past his scheduled departure time three times a week, and did not pay him for the additional time he worked.

46.    From approximately February 2022 until on or about July 2024, Defendants only provided Plaintiff Vasquez with a 8-to-10-minute meal break; from approximately  August 2024 until on or about December 2024, Defendants only provided him a 15-minute meal break in the afternoons.

47.    However, Defendants required Plaintiff Vasquez to keep an eye on the security cameras during his meal breaks.

48.    Defendants did not provide Plaintiff Vasquez with a statement of wages with each payment of wages, as required by NYLL 195(3).

49.    Plaintiff Vasquez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50.    Defendants never provided Plaintiff Vasquez with a written notice, in English and in Spanish (Plaintiff Vasquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Vasquez regarding overtime and wages under the FLSA and NYLL.

52.    Defendants required Plaintiff Vasquez to purchase "tools of the trade" with his own funds—including non-sliding kitchen shoes.

*Defendants' General Employment Practices*

53.    Defendants regularly required Plaintiff Vasquez to work in excess of forty (40) hours per week without paying him the proper minimum wage, spread of hours pay and overtime wages.

54.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vasquez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and overtime compensation, as required by federal and state laws.

55.    Defendants paid Plaintiff Vasquez all his wages in cash.

56.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

57.    By employing this practice, Defendants avoided paying Plaintiff Vasquez minimum wage and at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

10

58.     Defendants failed to post required wage and hour posters in the deli, and did not provide Plaintiff Vasquez with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Vasquez's relative lack of sophistication in wage and hour laws.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Vasquez  (and similarly situated individuals) worked, and to avoid paying Plaintiff Vasquez  properly for (1) his full hours worked and (2) for overtime due.

60.     Defendants failed to provide Plaintiff Vasquez  and other employees with wage statements at the time of their payment of wages, containing: the  dates  of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer; rate  or  rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,  piece,  commission,  or  other;  gross wages;  deductions;  allowances,  if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the  number  of overtime  hours  worked, as required by NYLL §195(3).

61.     Defendants failed to provide Plaintiff Vasquez  and other employees, at the time of hiring and on or before February 1 of each subsequent year,  a statement in English and the employees'  primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether  paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular  pay  day designated  by  the  employer;  the  name  of  the  employer;  any  "doing

business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62.    Plaintiff Vasquez brings his FLSA minimum and overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Ramales Grill Deli (the "FLSA Class").

63.    At all relevant times, Plaintiff Vasquez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage and overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against their wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

64.    The claims of Plaintiff Vasquez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

65.    Violation of the Minimum Wage Provisions of the FLSA

66.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

67.     At all times relevant to this action, Defendants were Plaintiff Vasquez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Vasquez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

68.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70.     Defendants failed to pay Plaintiff Vasquez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71.     Defendants' failure to pay Plaintiff Vasquez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72.     Plaintiff Vasquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

13

74.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Vasquez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.    Defendants' failure to pay Plaintiff Vasquez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.    Plaintiff Vasquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

78.    At all times relevant to this action, Defendants were Plaintiff Vasquez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Vasquez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Vasquez less than the minimum wage.

80.    Defendants' failure to pay Plaintiff Vasquez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81.    Plaintiff Vasquez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

14

82.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

83.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Vasquez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.    Defendants' failure to pay Plaintiff Vasquez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.    Plaintiff Vasquez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

75.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

76.    Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff Vasquez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

77.    Defendants are liable to Plaintiff Vasquez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

78.    Plaintiff Vasquez repeats and realleges all paragraphs above as though set forth

fully herein.

79.    Defendants did not provide Plaintiff Vasquez with wage statements upon each payment of wages, as required by NYLL 195(3).

80.    Defendants are liable to Plaintiff Vasquez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMISSIONER OF LABOR**

81.    Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

82.    Defendants failed to pay Plaintiff Vasquez  one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Vasquez 's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

83.    Defendants' failure to pay Plaintiff Vasquez  an additional hour's pay for each day Plaintiff Vasquez 's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

84.    Plaintiff Vasquez  was damaged in an amount to be determined at trial.

EIGHTH CAUSE OF ACTION

**RECOVERY OF EQUIPMENT COSTS**

86.     Plaintiff Vasquez repeats and realleges all paragraphs above as though fully set forth herein.

16

87.     Defendants required Plaintiff Vasquez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

88.     Plaintiff Vasquez was damaged in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vasquez respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vasquez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vasquez  and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Vasquez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against

17

wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Vasquez and the FLSA class members;

(f)     Awarding Plaintiff Vasquez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Vasquez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vasquez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vasquez and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Vasquez and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Vasquez's, and the FLSA Class members', compensation, hours, wages, and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Vasquez and the FLSA Class members;

18

(m)     Awarding Plaintiff Vasquez  and the FLSA class members damages for the amount of unpaid minimum wage, spread of hours pay and overtime wages, as well as  damages for any improper deductions or credits taken against wages;

(n)     Awarding Plaintiff Vasquez  damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(o)     Awarding Plaintiff Vasquez  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)     Awarding Plaintiff Vasquez  and the FLSA class members damages for Defendants' failure to pay Plaintiff in a timely fashion, as required by NYLL § 191;

(q)     Awarding Plaintiff Vasquez  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Vasquez  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.


Dated: New York, New York
          February 26, 2025

MICHAEL FAILLACE Esq.

_____/s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*