UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERNANDO VASQUEZ MARTINEZ, individually
and on behalf of others similarly situated,

Plaintiff,

- against -

Case No.: 1:25-cv-01662

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

RAMALES GRILL DELI CORP.(d/b/a RAMALES
GRILL DELI), JOSE RAMALES, ISAAC RAMALES,
AND DAVID RAMALES,

Defendants.

Defendants RAMALES GRILL DELI CORP., JOSE RAMALES, ISAAC RAMALES, and DAVID RAMALES (referred to herein as "Defendants"), by and through their undersigned counsel, hereby provide their answer and affirmative defenses to the First Amended Complaint (hereafter, the "Amended Complaint") of Plaintiff FERNANDO VASQUEZ MARTINEZ (hereafter, referred to herein as "Plaintiff"), and state as follows:

**AS TO "NATURE OF ACTION"**

1.      Defendants admit only to the extent that Plaintiff worked for the answering Defendant RAMALES GRILL DELI CORP. but deny the reminder of the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendants admit the allegations contained in Paragraph 2 of the Amended Complaint.

1

3.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendants admit only to the extent that Plaintiff worked for the answering Defendant RAMALES GRILL DELI CORP. but deny the reminder of the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendants admit only to the extent that Plaintiff worked for the answering Defendant RAMALES GRILL DELI CORP. for its deli business located at 936 Morris Avenue, Bronx, NY 10456, but deny the reminder of the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.      Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.      Defendants admit only to the extent that Plaintiff commenced this collective action seeking damages based on various federal and state statutes, but deny the remainder of the allegations contained in Paragraph 11 of the Amended Complaint. Further answering, Defendants

deny that they are liable under any applicable law, and deny Plaintiff is entitled to any of his requested relief.

12.    Paragraph 12 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 12 of the Amended Complaint.

**AS TO "JURISDICTION AND VENUE"**

13.    Paragraph 13 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 13 of the Amended Complaint.

14.    Paragraph 14 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 14 of the Amended Complaint.

**AS TO "PARTIES"**

*As to "Plaintiff"*

15.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 15 of the Amended Complaint.

16.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 15 of the Amended Complaint.

*As to "Defendants"*

17.    Defendants admit only to the extent that the answering Defendant RAMALES GRILL DELI CORP. operates its deli business located at 936 Morris Avenue, Bronx, New York 10456, but deny the remainder of the allegations contained in Paragraph 17 of the Amended Complaint.

18.    Defendants admit only to the extent that the answering Defendant RAMALES GRILL DELI CORP. is a corporation organized under the laws of the State of New York.

19.    Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

20.    Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21.    Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

## AS TO "FACTUAL ALLEGATIONS"

*As to "Defendants Constitute Joint Employers"*

22.    Defendants admit only to the extent that the answering Defendant RAMALES GRILL DELI CORP. operates a deli in Bronx, New York.

23.    Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.    Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendants deny each and every allegation contained in Paragraph 28 of the Amended Complaint and all allegations set forth in its subparagraphs.

29.     Paragraph 29 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

*As to "Individual Plaintiff"*

33.     Defendants admit only to the extent that Plaintiff worked for the answering Defendant RAMALES GRILL DELI CORP. but deny the reminder of the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Paragraph 34 of the Amended Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 34 of the Amended Complaint.

*As to "Plaintiff Fernando Vasquez Martinez"*

35.    Defendants admit only to the extent that Plaintiff worked for the answering Defendant RAMALES GRILL DELI CORP. but deny the reminder of the allegations contained in Paragraph 35 of the Amended Complaint.

36.    Defendants admit only to the extent that Plaintiff worked for the answering Defendant RAMALES GRILL DELI CORP. but deny the reminder of the allegations contained in Paragraph 36 of the Amended Complaint.

37.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 37 of the Amended Complaint.

38.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint as the terms "discretion" and "independent judgment" as alleged by Plaintiff are ambiguous such that Defendants cannot admit or deny the truth thereof. To the extent an answer is required, Defendants deny each and every allegation asserted in Paragraph 38 of the Amended Complaint.

39.    Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.    Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

*As to "Defendants' General Employment Practices"*

53. Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

<strong><u>AS TO "FLSA COLLECTIVE ACTION CLAIMS"</u></strong>

62. Defendants aver that the allegations contained in Paragraph 62 of the Amended Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.    Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.    Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

## AS TO "FIRST CAUSE OF ACTION"

### As to "VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA"

65.    Defendants repeat and reiterate their responses to paragraphs "1" through "64" above of this Answer as if fully stated herein.

66.    Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint. Further answering, Defendants aver that the allegations contained in Paragraph 66 of the Amended Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.    Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.    Defendants aver that the allegations contained in Paragraph 68 of the Amended Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.    Defendants deny the truth of the allegations in Paragraph 71 of the Amended Complaint. Further answering, Defendants deny that Plaintiff is entitled to of the relief requested.

## AS TO "SECOND CAUSE OF ACTION"

### As to "VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA"

72.    Defendants repeat and reiterate their responses to paragraphs "1" through "71" above of this Answer as if fully stated herein.

73.    Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.    Defendants deny the truth of the allegations in Paragraph 75 of the Amended Complaint. Further answering, Defendants deny that Plaintiff is entitled to any of the requested relief.

## AS TO "THIRD CAUSE OF ACTION"

### AS TO "VIOLATION OF THE NEW YORK MINIMUM WAGE ACT"

76.    Defendants repeat and reiterate their responses to paragraphs "1" through "75" above of this Answer as if fully stated herein.

77.    Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint. Further answering, Defendants aver that the allegations contained in Paragraph 77 of the Amended Complaint call for legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.    Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.    Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.    Defendants deny the truth of the allegations in Paragraph 80 of the Amended Complaint. Further answering, Defendants deny that Plaintiff is entitled to any of the requested relief.

## AS TO "FOURTH CAUSE OF ACTION"

### As to "VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW"

81.    Defendants repeat and reiterate their responses to paragraphs "1" through "80" above of this Answer as if fully stated herein.

82.    Defendants deny the truth of the allegations in Paragraph 82 of the Amended Complaint.

83.    Defendants deny the truth of the allegations in Paragraph 83 of the Amended Complaint.

84.    Defendants deny the truth of the allegations in Paragraph 84 of the Amended Complaint. Further answering, Defendants deny that Plaintiff is entitled to any of the requested relief.

## AS TO "FIFTH CAUSE OF ACTION"

### As to "VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW"

85.    Defendants repeat and reiterate their responses to paragraphs "1" through "84" above of this Answer as if fully stated herein.

11

86.     Defendants deny the truth of the allegations in Paragraph 86 of the Amended Complaint.

87.     Defendants deny the truth of the allegations in Paragraph 87 of the Amended Complaint. Further answering, Defendants deny that Plaintiff is entitled to any of the requested relief.

## AS TO "SIXTH CAUSE OF ACTION"

### As to "VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW"

88.     Defendants repeat and reiterate their responses to paragraphs "1" through "87" above of this Answer as if fully stated herein.

89.     Defendants deny the truth of the allegations in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the truth of the allegations in Paragraph 90 of the Amended Complaint. Further answering, Defendants deny that Plaintiff is entitled to any of the requested relief.

## AS TO "SEVENTH CAUSE OF ACTION"

### As to "VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISIONER OF LABOR"

91.     Defendants repeat and reiterate their responses to paragraphs "1" through "90" above of this Answer as if fully stated herein.

92.     Defendants deny the truth of the allegations in Paragraph 92 of the Amended Complaint.

93.     Defendants deny the truth of the allegations in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the truth of the allegations in Paragraph 94 of the Amended Complaint. Further answering, Defendants deny that Plaintiff is entitled to any of the requested relief.

### AS TO "EIGHTH CAUSE OF ACTION"

### As to "ROCOVERY OF EQUIPMENT COSTS"

95.     Defendants repeat and reiterate their responses to paragraphs "1" through "94" above of this Answer as if fully stated herein.

96.     Defendants deny the truth of the allegations in Paragraph 96 of the Amended Complaint.

97.     Defendants deny the truth of the allegations in Paragraph 97 of the Amended Complaint. Further answering, Defendants deny that Plaintiff is entitled to any of the requested relief.

### AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations contained in the unnumbered WHEREFORE paragraph asserting prayer for relief starting with, and all of its subparagraphs. Further answering, Defendants aver that Plaintiff is not entitled to any of the relief requested therein or any other relief.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief as Plaintiff's Complaint fails to state a cause of action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff was barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant at all times acted in good faith, and all actions taken with regard to Plaintiff were taken for lawful business reasons.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant has acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations and guidelines.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant has met and satisfied any and all obligations to Plaintiff that arose out of and during this respective employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate or otherwise act to avoid, lessen or reduce any of the damages, injury or harm of which he now complains.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate his purported damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The named Defendant was not Plaintiff's employer, and as such, cannot be held liable under federal and/or state law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' own conduct caused, in whole or in part, whatever damages he may have suffered.

### AS AND FOR A TWELVE AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because recovery of cumulative liquidated damages under both FLSA and NYLL is not allowed under applicable law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Any and all damages alleged were not "willful" under the NYLL.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any and all damages alleged were not "willful" under the FLSA.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because Defendants properly paid plaintiff for all hours worked.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff was paid all sums which may have been due to her under the applicable laws and their corresponding regulations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because Defendants were not engaged in "interstate commerce."

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

15

Plaintiff is not entitled to relief because Defendants were not engaged in the production of goods for commerce.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

### AS AND FOR AN TWETYTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail based on the Statute of Limitations and plaintiff's failure to exhaust administrative remedies.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims for pre-judgment interest under the New York Labor Law are preempted by the remedies provided by the Fair Labor Standards Act.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the defendant was not the employer of Plaintiff, was not the cause of Plaintiff's purported damages, and otherwise are not a proper party to this lawsuit or liable for the claims alleged by Plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants do not owe any wages to Plaintiff.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is exempt from the FLSA.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is exempt from the NYLL.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times herein, Defendants used good faith in calculating Plaintiff's compensation.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants are not "employers" under the FLSA.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants are not "employers" under the NYLL

### AS AND FOR A TWENTY-NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because in response to Plaintiff's report of allegedly unlawful conduct, Defendant took prompt remedial action, which brought an end to the allegedly offending conduct.  not "employers" under the NYLL.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages insofar as Plaintiff cannot demonstrate malice or reckless indifference, nor can he impute liability for punitive damages to Defendant because of Defendant's good faith efforts to comply with federal, state and local law.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Although Defendant denies that it owes any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendant's actions with respect to the method of paying Plaintiff were taken in good faith.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

The Court should not exercise subject matter jurisdiction, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

All actions taken or omitted by Defendant with respect to Plaintiff were taken or omitted for legitimate, non-discriminatory and non-retaliatory business reasons.

17

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not typical enough to sustain a collective action.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not common enough to sustain a collective action.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot certify a collective class because the questions of law and fact are not common to the class.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot certify a collective class because Plaintiff is not a suitable collective class representative.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot certify a collective class because plaintiff's counsel is neither experienced nor competent in collective action litigation.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot certify a collective class because a collective action is neither superior to a collective nor an individual action.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

The individual defendants are not liable under the NYLL.

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

The individual defendants are not liable under the FLSA.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

At all times, Defendants made complete and timely payment to Plaintiff for all wages due.

## AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

18

At all times Defendants believed, in good faith, that they were not required to provide 195.1 Statements to Plaintiff.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

At all times Defendants believed, in good faith, that they were not required to provide 195.3 paystubs to Plaintiff.

### AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated enough to maintain a collective action.

### <u>RESERVATION OF RIGHTS</u>

Defendants reserve their right to add, amend and/or supplement this Answer to assert those defenses which they deem necessary to their defense during or upon the conclusion of investigation and discovery.

### <u>DEFENDANTS' RELIEF REQUESTED</u>

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief and request that:

A. Plaintiff's Complaint be dismissed with prejudice in its entirety;

B. Judgment be entered in Defendants' favor;

C. Defendants be awarded their costs and attorneys' fees for being forced to defend itself against Plaintiff's claims; and,

D. The Court award Defendants such other relief as it deems just and equitable.

### <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper.

Dated: Flushing, New York
      April 15, 2025

Respectfully Submitted,

SEO LAW GROUP, PLLC

By:  /s/ *Jiaxin Na*____
Jiaxin Na, Esq.
136-68 Roosevelt Ave., Suite 726
Flushing, NY 11354
Tel: (718) 500-3340
Email: jiaxin@seolawgroup.com
*Attorneys for Defendants*

To:
Michael A. Faillace, Esq.
MICHAEL FAILLACE, Esq.
60 East 42nd Street, Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Email: michael@faillacelaw.com
*Attorneys for Plaintiff*